IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE TERRY,<br>　　PLAINTIFF, | §<br>§<br>§ | |
| V. | § | CASE NO. 3:24-CV-1170-L (BK) |
| | § | |
| UNITED STATES OF AMERICA,<br>　ET AL.,<br>　　DEFENDANTS. | §<br>§<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 9, *Defendant United States Postal Service's Motion to Dismiss*, Doc. 6, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed below, the motion should be **GRANTED**.

I. BACKGROUND

In May 2024, Plaintiff sued Defendants, United States of America and United States Postal Service ("USPS"), under the Federal Tort Claims Act ("FTCA"), alleging that a USPS employee negligently collided with Plaintiff's car while on duty and driving a USPS mail truck. Doc. 1.

USPS now moves to dismiss all claims against it based on a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Doc. 6. USPS' argument is straightforward: the FTCA authorizes certain lawsuits against only the United States of America, and thus a federal agency such as USPS cannot be sued under the Act. Doc. 6, *passim*. Plaintiff

responds that this is a matter of "semantics," as no caselaw prohibits a plaintiff from suing *both* the United States of America and a federal agency under the FTCA. Doc. 10 at 4.

## II. APPLICABLE LAW

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate [it]." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party claiming that jurisdiction exists bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a plaintiff fails to meet his burden, a court may dismiss a claim for lack of subject matter jurisdiction based on the complaint alone. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Consent is a prerequisite for jurisdiction given that the United States may not be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[S]overeign immunity shields the Federal Government and its agencies," such as USPS, "from suit," unless the government elects to waive its immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). The FTCA operates as such a waiver in certain circumstances, specifically when tort claims arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. 28 U.S.C. § 1346(b)(1). Still, only the United States, and not its agencies, may be named as defendants under the FTCA. 28 U.S.C. § 2679; *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the *sole* defendant.") (emphasis added).

### III. ANALYSIS

As explained *supra*, the United States is the only proper defendant here. Further, dismissal of claims against the USPS is mandatory, as this Court lacks subject matter jurisdiction over the same. *See McGuire*, 137 F.3d at 324; *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.") (citations omitted); *Carrasco v. United States Postal Servs.*, No. 3:21-CV-3196-L, 2023 WL 2899455, at *1 (N.D. Tex. Mar. 22, 2023) (Toliver, J.), *adopted by*, 2023 WL 2895263 (N.D. Tex. April 11, 2023) (Lindsay, J.) (granting a motion to dismiss USPS from FTCA suit).

### IV. CONCLUSION

For the foregoing reasons, *Defendant United States Postal Service's Motion to Dismiss*, Doc. 6, should be **GRANTED**, and Plaintiff's claims against the USPS should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on August 26, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).